# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY ___HH___
Deputy Clerk

Mar 20, 2015

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

March 20, 2015

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 14-12398-EE
Case Style: USA v. Brandon Robinson
District Court Docket No: 0:13-cr-60284-JIC-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DOUGLAS J.MINCHER, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 14-12398

_____

District Court Docket No.
0:13-cr-60284-JIC-1

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

versus

BRANDON ROBINSON,
a.k.a. Ace,

                                  Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 19, 2015
For the Court: Amy C. Nerenberg, Acting Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 03/20/2015**

Case 0:13-cr-60284-JIC   Document 362   Entered on FLSD Docket 03/20/2015   Page 3 of 6
Case: 14-12398   Date Filed: 02/19/2015   Page: 1 of 4

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12398
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60284-JIC-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRANDON ROBINSON,
a.k.a. Ace,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 19, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Robinson appeals his convictions for conspiracy to commit sex trafficking of a minor, and sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a) and 1594(c). At his plea hearing, he made a factual proffer admitting the crimes. Although the Government presented evidence that Robinson's acts were in, or affected, interstate commerce, neither the court nor the parties referenced Robinson's knowledge of this jurisdictional hook. Robinson argues, for the first time on appeal, that the district court erred by accepting his guilty plea because there was no evidence that he knew that his actions affected interstate commerce.

When appropriate, we review issues that are raised for the first time on appeal for plain error only. *United States v. Smith*, 459 F.3d 1276, 1287 (11th Cir. 2006). Under plain error review, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted). We may then exercise our discretion to notice a forfeited error, but only if the error seriously "affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Error is not plain unless it is clear or obvious under current law. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).

Under 18 U.S.C. § 1591(a),

Whoever knowingly—

2

> (1) *in or affecting interstate . . . commerce*, entices . . . a person; or
>
> (2) benefits . . . from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that . . . the person has not attained the age of 18 years, and will be caused to engage in a commercial sex act, shall be punished . . . .

18 U.S.C. § 1591(a) (emphasis added).  Under 18 U.S.C § 1594(c), "[w]hoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both."

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3).  A defendant who seeks reversal of a conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, however, must show that the error affected substantial rights. *United States v. Dominguez Benitez*, 542 U.S. 74, 81-82, 124 S.Ct. 2333, 2339-40, 159 L.Ed.2d 157 (2004).  Namely, a defendant must "show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 83, 124 S.Ct at 2340.

In *United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007), we held that the term "knowingly" in § 1591(a) did not apply to the interstate commerce element, because "the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *Evans*, 476 F.3d at 1180 n.2 (quotation omitted).  This case

forecloses the issue. The Government did not need to present any evidence of Robinson's knowledge of the interstate commerce element at the time he committed his crimes. The district court made no error.

Robinson tries to explain away *Evans* by contending that the Supreme Court overruled the case in *Flores-Figueroa v. United States*, 556 U.S. 646, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009). The Supreme Court addressed the interpretation of 18 U.S.C. § 1028A, which punishes anyone who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). The Supreme Court, noting that an adverb that modifies a transitive verb generally describes "how the subject performed the entire action, including the object as set forth in the sentence," held that the word "knowingly" in that statute applied to the phrase "of another person." *Flores-Figueroa*, 556 U.S. at 650, 129 S.Ct. at 1890.

*Flores-Figueroa* does not overrule *Evans*. *Flores-Figueroa* applies only to an adverb modifying a substantive element of an offense, not a jurisdictional element. Furthermore, *Flores-Figueroa* mentions neither *Evans* nor 18 U.S.C. § 1591.

**AFFIRMED.**